(No. 19054.—

THE PEOPLE *ex rel.* Charles A. Mugler, Petitioner, *vs.* LEN SMALL, Governor, *et al.* Respondents.

*Opinion filed April 20, 1929.*

FARMER and DUNN, JJ., dissenting.

HENRY M. ASHTON, and A. HENRY GOLDSTEIN, for petitioner.

OSCAR E. CARLSTROM, Attorney General, ALBERT D. RODENBERG, and BAYARD L. CATRON, for respondents.

Mr. CHIEF JUSTICE DEYOUNG delivered the opinion of court:

Pursuant to leave granted, an original petition in the name of the People of the State, on relation of Charles A. Mugler, against Len Small, Governor, Louis L. Emmerson, Secretary of State, and Garrett DeF. Kinney, State Treasurer, *ex-officio* members of the State primary canvassing board, was filed in this court. The prayer of the petition is for the issuance of a peremptory writ of *mandamus* com-

manding the respondents forthwith to meet and declare that the relator was nominated as one of the republican candidates for the office of representative in the General Assembly for the twenty-third senatorial district at the primary held on April 10, 1928, and commanding the Secretary of State to issue to the relator a certificate of such nomination.

It is alleged in the petition that the relator, by virtue of a petition signed by the requisite number of qualified electors and filed with the Secretary of State on February 16, 1928, became a candidate for the republican nomination for the office of representative in the General Assembly for the twenty-third senatorial district at the primary held on April 10, 1928; that by the returns of the primary, a tabulated statement of which was forwarded to the Secretary of State, the following votes were cast: For William G. Thon 40,570½; for Edward M. Overland 27,047; for Charles A. Mugler, the relator, 20,970½; for Frank L. Lee 18,974½, and for Frank Whittle 9906½; that since the relator was among the three candidates highest in the poll he became one of the republican nominees for the office stated; that thereafter the respondents, constituting the State primary canvassing board, certified to the Secretary of State that William G. Thon and Edward M. Overland were the only republican nominees for the offices of representative from the particular district and refused to certify the name of the relator as one of such nominees; that the basis for the respondents' refusal to certify the relator as one of the republican nominees was a resolution adopted on March 5, 1928, by the republican senatorial committee for the particular district; that this resolution was to the effect that only two republican candidates for representatives in the General Assembly for that district should be nominated at the succeeding primary; that copies of the resolution were subsequently filed with the Secretary of State and the county clerk of Cook county; that the re-

spondents determined that by reason of the adoption of the resolution and the filing of copies thereof the republican electors of the twenty-third senatorial district did not have the right to nominate more than two candidates for the office of representative in the General Assembly at the primary of April 10, 1928, and that in consequence of such determination the Secretary of State refuses to issue to the relator a certificate of nomination as one of such candidates; that the respondents claimed as their authority for the adoption of the resolution, section 11 of the act entitled "An act to provide for the holding of primary elections by political parties for the nomination of members of the General Assembly and the election of senatorial committeemen;" (Laws of 1927, p. 492; Cahill's Stat. 1927, p. 1180; Smith's Stat. 1927, p. 1277;) and that the construction placed upon section 11 by the respondents is illegal and erroneous and not only deprives the relator of his right to have his name placed upon the official ballot to be voted at the election on November 6, 1928, but also denies the qualified electors of the twenty-third senatorial district their constitutional right to vote for one, two or three candidates, as they may see fit. The respondents filed a demurrer to the petition.

The cause was submitted too late for a decision prior to the election held on November 6, 1928. The public importance of the questions presented, however, justified the court in taking the case for consideration. These questions are the same as those considered in *People* v. *Emmerson,* 333 Ill. 606, and hence the opinion filed in that case is decisive of the instant case. The writ of *mandamus* must therefore be denied.                    *Writ denied.*

FARMER and DUNN, JJ., dissenting.